UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KAY WIENS,

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

No.  2:25-cv-3692 AC

ORDER

Plaintiff is proceeding in this case pro se.  Defendant has not yet appeared.  Plaintiff appears to seek relief under the Federal Tort Claims Act ("FTCA") for allegedly inadequate medical care under the auspices of the Department of Veterans Affairs.  ECF No. 1.  He seeks, among other things, to compel a diagnosis of Metyhlmalonic Aciduria ("MMA"), a genetic disorder, so that he can obtain treatment of that condition for himself and his family.  ECF No. 1 at 11, 15-16.

Plaintiff has submitted two letters to the court, both accompanied by voluminous exhibits, which have been docketed as "notices."  ECF Nos. 5, 6.  Both notices provide additional factual allegations regarding plaintiff's health and request the court's guidance on how to proceed.

The court cannot provide legal advice to litigants, or tell plaintiff how to navigate the VA healthcare system to get the specific care that he desires.  His requests for guidance are therefore denied.

1

However, plaintiff is informed that in order to proceed with this action, he must first serve the United States in compliance with Fed. R. Civ. P. 4(i)(1).  That rule provides as follows:

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought— or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

To the extent if any that plaintiff wishes to add additional facts, claims, or requests for relief to his complaint, letters to the court are not effective.  Amendment of pleadings must follow the requirements of Fed. R. Civ. P. 15 and Local Rule 220.  The Local Rules of this court are available on the court's website.

To the extent if any that plaintiff wishes to seek preliminary injunctive relief (a court order that requires or prohibits specific conduct prior to final adjudication of the merits of the case), he is informed that such requests are properly presented as motions under Fed. R. Civ. P. 65 and Local Rule 231.  A preliminary injunction or temporary restraining order is an extraordinary form of relief.  Munaf v. Geren, 553 U.S. 674, 689-90 (2008).  To obtain such relief, a plaintiff must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008).

Plaintiff is informed that, absent extraordinary circumstances, no action will be taken in this case until the United States has been served and appears.  The court will not respond to letters

////

////

////

2

or notices.  All requests for court action in this case must be presented as motions with a basis in the Federal Rules of Civil Procedure and filed pursuant to Local Rule 230 or 231.

DATED: January 29, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE