UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WIENS,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 2:25-cv-3692 DJC AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se under the Federal Tort Claims Act. The case is referred to the undersigned for pretrial purposes by E.D. Cal. R. ("Local Rule") 302(c)(21). Before the court is defendant's motion to dismiss the complaint for failure to satisfy the applicable pleading standards and to state a claim. ECF No. 12. Although plaintiff sent his opposition to defendant rather than filing it, defendant has provided the court with a copy and it has been independently docketed. ECF Nos. 16, 18. The parties appeared for hearing on the motion on August 6, 2026. ECF No. 20. For the reasons stated below, the undersigned recommends that the motion be granted and that plaintiff be given leave to amend.

## I. Background

### A. Complaint

The 148-page complaint consists primarily of exhibits. Plaintiff indicates at the outset that this lawsuit follows an administrative tort claim regarding a missed medical diagnosis. ECF

No. 1 at 2. It then states, "Please see attached for statement of facts." Id. There is no discrete attachment which is entitled "Statement of Facts." However, the exhibits (which are not individually marked or identified) do include a lengthy narrative describing plaintiff's grievances with the medical care that he has received from the VA. Id. at 11-16. Although it is not entirely clear, this statement may have originally been an attachment to plaintiff's administrative tort claim.

In that statement, plaintiff alleges a history of inadequate treatment by VA physicians since 1991. ECF No. 1 at 11-12. This included a 1998 MRI anomaly that was diagnosed as a tumor along his C4 vertebrae, but a biopsy did not suggest it was cancer. Id. Physicians entered a diagnosis of Idiopathic Transverse Myelitis ("ITM") into plaintiff's medical record on April 15, 2009, but with a note that it had actually been diagnosed in 2004. ECF No. 1 at 12. For decades thereafter, VA staff blamed plaintiff's frequent seizures, neuropathy, weakness, and ataxia on the ITM infection, which they would in turn blame on plaintiff's alcoholism. Id.

Plaintiff then asserts that on June 26, 2024, he was admitted to the hospital to get an esophagogastroduodenoscopy to diagnose his swallowing problems. Id. at 11. Doctors gave him a lifelong prescription two days later, claiming it was Vitamin B despite plaintiff not being anemic and having normal Vitamin B levels. Id. at 11, 14. Following discharge, plaintiff discovered the prescription was for cyanocobalamin, a synthetic compound of Vitamin B-12 used to treat B-12 deficiencies due to either low intake from food or a genetic inability to absorb vitamins. Id. at 11. He then used Google and its AI search tools to self-diagnose the cause behind an increase in methylmalonic acid despite normal levels of vitamin B-12 and homocysteine, as shown on his tests. Id. at 11, 14. The results included an article published in 2015 – two years after he started going to his current Sacramento VA office – suggesting that the cause was methylmalonic aciduria. Id. at 11.

Plaintiff's swallowing problems also caused him to ask VA Doctor Porter at the SCI clinic to reexamine the initial tumor and retest for "all the words that end in osis[,]" in line with the advice he had received at the outset for when this situation arose. Id. at 12. Dr. Porter agreed to look at plaintiff's August 26, 2024, MRI results, plaintiff having had annual MRI scans for over

25 years. Id. By then plaintiff's methylmalonic acid levels had decreased to normal, and he was no longer experiencing seizures, neuropathy, weakness, or ataxia. Id. at 14. Handing Dr. Porter the progress notes from June through August 2024, plaintiff asked her if he could have an "Idiopathic Transverse Myelitis Mimicking an lntramedullary Spinal Cord Tumor." Id. at 12-14. She refused to help, however, because plaintiff had previously called the Washington Hotline as a whistleblower to report Dr. Porter. Id. Because methylmalonic aciduria stems from a genetic defect, plaintiff needs a formal diagnosis to see if his family needs to be tested for said defect. Id. at 15.

Plaintiff's claim appears to focus on the VA staff's continued decision to misdiagnose his methylmalonic aciduria as alcohol-induced ITM, thereby blaming him for it. Id. at 16. The administrative claim sent to the VA sought a corrected diagnosis and treatment plan placed in plaintiff's medical file. Id. at 16. The VA gave notice that it received this claim on February 3, 2025. Id. at 4. On June 26, it denied the claim for lack of a "negligent or wrongful act on the part of a VA employee acting within the scope of employment that caused compensable harm[.]" Id. at 5. The December 23, 2025, complaint asserts a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and seeks $35 million in damages. Id. at 2.

### B. Motion to Dismiss

On May 7, 2026, defendant filed a motion to dismiss the complaint for noncompliance with Fed. R. Civ. P. 8 and failure to state a claim. ECF No. 12-1. After plaintiff failed to timely oppose, the court reset the deadline for such opposition to June 22, 2026. ECF No. 14. On June 10, 2026, plaintiff signed an opposition brief that he then served on defendant by U.S. Mail without filing it. ECF No. 16-1. Defendant provided a copy of this opposition as an attachment to its reply brief on July 14, 2026. ECF No. 16. On July 20, 2026, the court acknowledged the opposition brief and had it docketed as a separate entry. ECF Nos. 17, 18.

## II. Analysis

### A. Legal Standards Governing Motions to Dismiss

"The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" Zixiang Li v. Kerry, 710 F.3d 995, 998 (9th Cir. 2013) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007)).

Pursuant to Fed. R. Civ. P. 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While detailed allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability ... 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In order to survive a motion to dismiss, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). In reviewing a complaint on a motion to dismiss the court "must accept as true all of the factual allegations contained in the complaint," construe those allegations in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011). However, the court need not accept legal conclusions cast in the form of factual allegations as true. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant is entitled to be made aware of the deficiencies in the complaint and given an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. The Complaint Does Not Comply with Rule 8

Plaintiff's complaint does not comply with Rule 8's requirement of a short and plain statement of the claim. To satisfy Rule 8, a plaintiff must draft his complaint so that it contains a short and plain statement showing that he is entitled to relief (that is, who harmed the plaintiff, and in what way). Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Claims must be set forth simply, concisely and directly, with "sufficient factual content to state a claim to relief that is plausible on its face…." Fed. R. Civ. P. 8(d); Landers v. Quality Communications, Inc., 771 F.3d 638, 641 (9th Cir. 2015).

"Shotgun" or "kitchen sink" complaints, such as plaintiff's 148-page compendium of grievances and related documents, are strongly disfavored. "The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. . . . It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro Housing & Redevelopment Authority, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011). It is plaintiff's job, not the court's, to extract the key facts from the available documentation and to set them out in a way that tracks the elements of a claim for relief. The court cannot determine

whether plaintiff has stated a claim absent a complaint that plainly identifies the specific acts and omissions which are asserted as grounds for relief.

The FTCA "allows a plaintiff to bring certain state-law tort suits against the Federal Government." Brownback v. King, 592 U.S. 209, 210 (2021). The applicable substantive rules of tort law for FTCA claims are supplied by "the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1). To state a claim for medical negligence or malpractice in California, a plaintiff must allege (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) proximate causation between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. See Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999). To comply with Rule 8, a complaint must in simple terms identify the facts which show each of these elements is satisfied. Because the present complaint does not do so, it must be dismissed.

C. The Complaint Must Establish Subject Matter Jurisdiction

Defendant points out that the complaint does not expressly allege that plaintiff timely presented an administrative claim, which is required prior to filing suit so that the targeted agency has a chance to investigate and resolve the claim. ECF No. 12-1 at 4-5. Because the FTCA operates as a waiver of sovereign immunity, and such waiver is expressly predicated on presentation of an administrative claim, 28 U.S.C. § 2675(a), satisfaction of the presentation requirement is jurisdictional. See Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 1998).

The complaint fails to identify, in a "short and plain statement" as required by Rule 8, when plaintiff filed an administrative claim, what it addressed, and when it was denied. However, it is perfectly clear that he did in fact submit a claim. The attachments to the complaint include the VA's confirmation that it received such a claim on February 3, 2025. ECF No. 1 at 2; ECF No. 12-1 at 5, n.2. The jurisdictional defect can accordingly be cured by amendment.

////

////

## III. Leave to Amend Is Appropriate

A pro se litigant is entitled to an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Noll, 809 F.2d at 1448. The defects identified above are of a type that may be cured by amendment. Accordingly, plaintiff should be given the opportunity to amend his complaint.

## IV. Amending the Complaint

If plaintiff chooses to amend the complaint following the district judge's adoption of these findings and recommendations, the amended complaint must allege facts establishing the existence of federal jurisdiction. This includes facts showing plaintiff's satisfaction of the FTCA's administrative claim requirement.

In addition, an amended complaint must contain a short and plain statement of plaintiff's claims. This means that plaintiff must set out his factual allegations, rather than referring to attachments. Plaintiff should distinguish between background facts (which need not be extensive) and those facts on which his claim for relief is based. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

(affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

The amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V. Pro Se Plaintiff's Summary**

The magistrate judge is recommending that the motion to dismiss be granted but that you have the chance to amend your complaint. Do not file an amended complaint until after the district judge rules on this recommendation and gives you a deadline. When you prepare an amended complaint, carefully follow the instructions above. An amended complaint needs to tell the court in simple terms what happened that amounts to medical malpractice or negligence, rather than expecting the court to figure it out from exhibits.

**VI. Conclusion**

Accordingly, **IT IS HEREBY RECOMMENDED** that:

a. The motion to dismiss (ECF No. 12) be GRANTED WITH LEAVE TO AMEND; and

b. Plaintiff be given 30 days from the date of this order to file an amended complaint that include a brief statement of facts underlying his claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 24, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE